IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CLENNARD EDWARD McCORKLE,** ) | |
| ) | |
| **Petitioner/Defendant,** ) | |
| ) | **CIVIL NO. 04-cv-921-MJR** |
| **vs.** ) | |
| ) | **CRIMINAL NO. 03-cr-30058** |
| **UNITED STATES of AMERICA ,** ) | |
| ) | |
| **Respondent/Plaintiff.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court on Petitioner's motion for relief pursuant to 28 U.S.C. § 2255. Following a jury trial, Petitioner was convicted on one count of wire fraud, a violation of 18 U.S.C. §§ 1343, 1346; the jury was unable to reach a verdict on the other charge, deprivation of civil rights, a violation of 18 U.S.C. § 242. Prior to a second trial on the civil rights charge, Petitioner entered into a sentencing agreement with the Government (*see* Doc. 84, criminal case). Pursuant to that agreement, on August 6, 2004, Petitioner was sentenced to one year plus one day imprisonment, three years supervised release, a fine of $3000, and a special assessment of $100. On December 13, 2004, Petitioner filed the instant motion under § 2255.

In his motion the Petitioner raises a myriad of grounds for relief, most of which are wrapped within the envelope of his claim that trial counsel was constitutionally ineffective. He also claims that he was coerced and threatened into signing the sentencing agreement; thus, any waivers contained in that agreement are not binding because such a waiver was not knowing and voluntary.

Some of Petitioner's claims are wholly without merit. In particular, he first claims that this

Court had no jurisdiction over the charges, because the United States District Courts "outside the District of Columbia are not 'True' United States Courts, established under Article 3 of the Constitution...." Doc. 1, civil case, Points and Authorities memorandum, page 4.  He then raises the creative argument that because the United States is immune from suit, and because the United States is a party to this action, the Court was required to dismiss this action.  *Id.* at 9-10.  Petitioner is wrong on each of these points; the Government need not respond to these baseless claims.  The same ruling applies to Petitioner's claims regarding actions taken by the Bureau of Prisons, *id.* at 37-38; such allegations have no bearing on the validity of Petitioner's conviction or sentence and shall be disregarded in this proceeding.

The Court **ORDERS** the Government to file a response to the other grounds raised in Petitioner's motion within **THIRTY (30) DAYS** of the date of this Order.  The Government shall first address whether this motion is barred by the waiver provisions contained in the sentencing agreement.  Assuming the Court finds that this motion is not barred, the Government shall also address Petitioner's claims of ineffective assistance of counsel, as well as his arguments regarding sentencing.  As part of its response, the Government shall attach all relevant portions of the record.

**IT IS SO ORDERED.**

**DATED this 20th day of July, 2005.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**