**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **CLENNARD EDWARD MCCORKLE,** )<br>)<br>**Petitioner,** )<br>)<br>vs. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>**Respondent.** ) | **Case No. 04-cv-0921-MJR** |

### MEMORANDUM and ORDER

REAGAN, District Judge:

A. INTRODUCTION AND PROCEDURAL BACKGROUND

Following a six-day trial in May 2004, a jury convicted Clennard Edward McCorkle of wire fraud (a violation of **18 U.S.C. § 1343**), which was Count 2 of the superseding indictment. The jury could not reach a unanimous verdict on Count 1 of the superseding indictment, which charged McCorkle with deprivation of civil rights (a violation of **18 U.S.C. § 342**), so the Court declared a mistrial on that charge. Count 1 then was set for retrial.

Before retrial commenced, McCorkle and the United States of America ("the Government") reached an agreement. As part of the resolution regarding McCorkle's sentence on Count 2, the Government agreed to dismiss Count 1 and not retry him on that charge.

On August 6, 2004, pursuant to the parties' agreement, the Court dismissed Count 1 and sentenced McCorkle on Count 2. *See* Docs. 81, 82, 83 in Case No. 03-cr-30058. McCorkle's sentence included a term of imprisonment of one year and one day, three years of supervised release, a $100 special assessment, and a $3,000 fine. He agreed to each component of this sentence in the

written sentencing agreement (Exhibit 1 to Doc. 14 in Case No. 04-cv-0921 at ¶¶ 1, 8, 9, 10).[1] Judgment was entered accordingly on August 9, 2004.

McCorkle timely moved this Court to vacate, set aside, or correct his sentence under **28 U.S.C. § 2255.** On preliminary review, the Court found some of McCorkle's § 2255 claims utterly baseless and directed the Government to respond to the *remaining* claims for § 2255 relief. *See* Doc. 7.

Before the Government filed its response, McCorkle moved to amend his § 2255 petition. That filing was stricken, however, because (*inter alia*) it lacked a certificate of service. The Clerk's Office notified McCorkle of the proper steps to file an amended § 2255 petition (s*ee* Doc. 9). He elected not to do so. Thus, the Government responded to McCorkle's original § 2255 petition (Doc. 1) on October 6, 2005 (Doc. 14). The issues being fully briefed, the Court now rules thereon, beginning with an overview of the legal standard governing § 2255 petitions.

B.  ANALYSIS

**28 U.S.C. § 2255** authorizes a federal prisoner to ask the court which sentenced him to vacate, set aside, or correct his sentence, if "the sentence was imposed in violation of the Constitution or laws of the United States, or ... the court was without jurisdiction to impose such sentence, or ... the sentence was in excess of the maximum authorized by law...."

Relief under § 2255 is limited. Unlike a direct appeal, in which a defendant may complain of nearly any error, § 2255 proceedings may be used only to correct errors that vitiate the sentencing court's jurisdiction or are otherwise "of constitutional magnitude." ***Broadway v. United***

---

[1] All further references to document numbers herein pertain to the documents filed in this civil § 2255 proceeding (Case No. 04-cv-0921).

***States*, 104 F.3d 901, 903 (7th Cir. 1997).  *Accord Corcoran v. Sullivan*, 112 F.3d 836, 837 (7th Cir. 1997)(§ 2255 relief is available only to correct "fundamental errors in the criminal process").**  The United States Court of Appeals for the Seventh Circuit has explained that § 2255 relief "is appropriate only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United*

***States*, 366 F.3d 593, 594 (7th Cir. 2004).  *Accord Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1999).**

Before the Court determines whether those circumstances are present in a given case, it must ascertain that the claims asserted are made in a procedurally appropriate fashion.  ***Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir. 1989)**.  McCorkle's § 2255 motion fails to clear this bar.  As is described further below, he effectively waived the right to seek any relief under § 2255.

On August 6, 2004, McCorkle filed a document entitled "Defendant's Agreement to Accept an Agreed Sentence on Count 2 of the Superseding Indictment" (Exh. 1 to Doc. 14). In exchange for the Government (a) not retrying McCorkle on Count1, (b) dismissing Count 1, (c) not prosecuting McCorkle "for other crimes the Defendant has committed that are now known by the Government..., including ... Federal tax evasion," and (d) not seeking an upward departure at sentencing, McCorkle waived all rights "to contest any aspect of his conviction and sentence" under Title 18, Title 28, or any other provision of federal law (*id.*, ¶ 11).[2]  Clearly, this would encompass

---

[2]   Significantly, McCorkle waived the right to challenge *both* his conviction and his sentence.  *See, e.g., **Ballinger v. U.S.*, 379 F.3d 427, 429 (7th Cir. 2004).**

-3-

a motion to vacate or set aside sentence under **28 U.S.C. § 2255.**[3]

The Seventh Circuit consistently has upheld similar waivers, viewing them "through the lens of contract law." For instance, in ***United States v. Bownes*, 405 F.3d 634, 636-37 (7th Cir. 2005)**, *cert. denied*, **– U.S. –, 2005 WL 2216993 (Oct. 3, 2005)**, the Court enforced an appeal waiver and dismissed an appeal, noting:

> A plea agreement is a type of contract.... In a contract (and equally in a plea agreement) one binds oneself to do something that someone else wants, in exchange for some benefit to oneself. By binding oneself one assumes the risk of future changes in circumstances in light of which one's bargain may prove to have been a bad one. That is the risk inherent in all contracts; they limit the parties' ability to take advantage of what may happen over the period in which the contract is in effect.
>
> The government didn't want Bownes to appeal and was willing to offer concessions that he and his lawyer considered adequate to induce him to forgo his right to appeal. Had Bownes insisted on an escape hatch that would have enabled him to appeal if the law changed in his favor after he was sentenced, the government would have been charier in its concessions.... [T]here is abundant case law that appeal waivers worded as broadly as this one are effective even if the law changes in favor of the defendant after sentencing....

Likewise in ***U.S. v. Cieslowski*, 410 F.3d 353, 364 (7th Cir. 2005),** the Seventh Circuit upheld a waiver of both direct (appeal) rights *and* collateral attack (§ 2255) rights:

> Cieslowski would also like to raise a Sixth Amendment challenge to various aspects of his sentence, but once again, since we have concluded that he cannot escape the plea agreement, he cannot do so. The plea agreement contained a waiver of Cieslowski's right to appeal "any sentence within the maximum provided in the statute of conviction." We strictly enforce such waivers. *See Barnes*, 83 F.3d

---

[3] In addition to this "waiver of his appeal and collateral review rights," McCorkle stated that he was "fully satisfied with the representation he has received from his counsel" and that counsel had met with him, discussed the Government's case, discussed possible defenses, and "explored all areas" relating to the case (Doc. 14, Exh. 1, ¶ 11).

> at 941; *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir.1997). Cieslowski voluntarily entered into the plea agreement, and he is therefore bound by all its terms, including the waiver of his right to appeal the sentence.

Such waivers are fully enforceable, as long as they are made knowingly and voluntarily. ***United States v. Lockwood*, 416 F.3d 604, 608 (7th Cir. 2005),** *citing* ***United States v. Williams,* 184 F.3d 666, 668 (7th Cir. 1999)*; United States v. Wenger,* 58 F.3d 280, 282 (7th Cir. 1995).** McCorkle expressly acknowledged (in the sentencing agreement he signed and filed) that his waiver was both *knowing* and *voluntary* (Doc. 14, Exh. 1, § 11).

Furthermore, the record before the Court plainly refutes McCorkle's assertion that he was "tricked and coerced" into signing the agreement containing the waiver. McCorkle attested that "no promises, inducements, or representations" were made to induce him to execute the agreement (Doc. 14, Exh. 1, ¶ 6).

Plus, at the August 6, 2004 sentencing hearing, the undersigned Judge thoroughly addressed, with McCorkle and his counsel, the various rights being waived, and McCorkle's answers reveal the knowing and voluntary nature of his waiver. Pointedly queried as to whether he understood the rights he was giving up, including the right to collaterally attack his sentence, McCorkle indicated that he thoroughly understood.

> THE COURT: First of all, as I understand it, in broad terms, you're going to plead guilty to Count 2 of the Superseding Indictment, basically agree that you're not going to appeal it....
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: You're going to live with the jury's verdict?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Give up your right of directly appealing or

>     later attacking it collaterally....
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Is that your understanding of the broad terms...?
>
> THE DEFENDANT: Yes, sir. Yes, sir.

Doc. 16, Transcript of August 6, 2004 sentencing hearing, pp. 5-6.

The undersigned Judge then carefully delineated each of the specific details of the agreement, after which he again inquired whether McCorkle understood and wanted to proceed under those terms. McCorkle did.

> THE COURT: ... you're giving up your right to appeal the conviction that has been entered in this case regarding Count 2, which is what we call wire fraud. In other words, when the jury found you guilty, you're giving up your right to appeal that guilty finding. You understand that?
>
> THE DEFENDANT: I understand that, your Honor.
>
> THE COURT: Also giving up your right to appeal any decisions I have made regarding ... motions in limine, motions ... to dismiss, you're giving up your right to challenge any of that, to challenge the legality of the Grand Jury, the information filed against you, any improper search or seizure, or lineup, or statement. Basically you're giving up your right to challenge all of that by agreeing to this today.
>
> THE DEFENDANT: Yes, your honor.
>
> THE COURT: And you can't appeal. You're giving up your right to appeal, you understand that?
>
> THE DEFENDANT: That's right. That's right....
>
> THE COURT: You're also giving up your right to seek a pardon.... You understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: There's a second way that you can appeal.

> The first way ... [is] called a direct appeal. **There is another way to appeal that we call a Section 2255, and you have to file that within a year of your sentencing. And you're agreeing not to file one of those appeals either. You understand that?**
>
> THE DEFENDANT: **Yes.**

Doc. 16, Transcript at pp. 13-14 (emphasis added).

Indeed, in body of the agreement, McCorkle repeatedly acknowledges that his waiver is both *knowing* and *voluntary* (Doc. 14-2, ¶ 11). Stated simply, McCorkle's waiver is valid, effective, and enforceable.

Nor does the record contain any evidence suggesting (much less demonstrating) that McCorkle received ineffective assistance of counsel in *negotiating* the sentencing agreement which contained the waiver. ***See Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999).** No support whatsoever exists for McCorkle's argument that his lawyer "conspired" with Government counsel to trick him into signing the sentencing agreement. As stated above, the sentencing agreement was voluntary, knowing, and consensual – not the product of any trickery, conspiracy, or coercion.

C. CONCLUSION

McCorkle's knowing and voluntary waiver of the right to collaterally attack his sentence bars this § 2255 petition.  Moreover, he has identified no error that vitiates this Court's jurisdiction or is otherwise of constitutional magnitude.  No hearing is warranted, and McCorkle is not entitled to relief under **28 U.S.C. § 2255**.

Accordingly, the Court **DENIES** McCorkle's § 2255 petition (Doc. 1).

**IT IS SO ORDERED.**

**Dated this 24th day of October, 2005.**

                <u>s/Michael J. Reagan</u>
                **MICHAEL J. REAGAN**
                **United States District Judge**